UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY F. POCAN,

        Plaintiff,

    v.                                    Case No. 06-C-1196

GARY J. SCHMIDT,
JUDGE HAROLD V. FROEHLICH,
BRAD PRIEBE, and
JANNELL M. MINEAU,

        Defendants.

## ORDER

Plaintiff, who is serving a civil commitment at the Sand Ridge Secure Treatment Center under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed this pro se civil rights action apparently under 42 U.S.C. § 1983 seeking damages of 98 million dollars "on each violation found," and/or a petition for habeas corpus pursuant to 28 U.S.C. § 2254. It is not clear which. Named as defendants are the state court judge who presided over Pocan's petition for discharge from his Chapter 980 commitment, the assistant district attorney who represented the state, Pocan's own attorney, and the court reporter for the hearing held on the petition.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may

commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay any portion of the filing fee. And because plaintiff is under a civil commitment, as opposed to serving a sentence for a crime, he is not a prisoner within the meaning of the Prison Litigation Reform Act, and 28 U.S.C.§ 1915's provisions requiring the assessment and collection of the full filing fee over time do not apply. *West v. Macht*, 986 F. Supp. 1141, 1142 (W.D. Wis. 1997). Thus, *in forma pauperis* status will be granted.

Though inmates who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims on which relief may be granted. It is clear in the present case that the complaint fails to state a claim.

Based on the substance and form of the filing, the court is unclear both as to the relief plaintiff is seeking and the alleged grounds for relief.[1] Under Fed. R. Civ. P. 8(a), a claim may request several different types of relief, so the fact that petitioner/plaintiff might be seeking both habeas relief and money damages under § 1983 may not be fatal. Fed. R. Civ. P. 8(a). However,

---

[1] In addition to asking for habeas relief, petitioner/plaintiff seeks damages of $98 million for "each violation found" (Compl. at 6), and has utilized the complaint form appropriate to allegations of a civil rights violation under 42 U.S.C. § 1983. His request to proceed *in forma pauperis* was made on the form appropriate to a § 1983 claim rather than a habeas claim.

2

his motion fails to comply with Fed. R. Civ. P. 8(a) in that it lacks a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While it is true that the court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court is unable to determine from the pleadings either plaintiff's claims or the alleged bases for those claims. In the section of the form complaint where the plaintiff is to state his claim, Pocan wrote three sentences. The first states that the court gave his attorney thirty days to "find anything in the case law that addresses this disorder as to qualifying under 980." (Compl. at 3.) The second statement is: "This case is Do [sic] to a 1992 June 26th Homicide case of a missing women [sic] Drafting Pocan under the 980 mental Health chapter 980." (*Id.*) The third sentence reads: "Please review all enclose [sic] papers for filing." (*Id.*)

None of these statements is sufficient to state a cognizable claim under either § 1983 or § 2254 against any of the named defendants. The complaint or petition is simply unintelligible. Accordingly, while the petition to proceed *in forma pauperis* is granted, the complaint/petition is summarily dismissed for failure to state a claim.

**SO ORDERED** this   28th   day of November, 2006.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge